THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IDRIS TURNER ALI-EL, | CASE NO. C23-1902-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| CT CORPORATION SYSTEM, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On December 18, 2023, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (*See* Dkt. No. 5.) Summons has not yet issued. A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, the Court must dismiss a complaint any time it finds that it lacks subject matter jurisdiction over the case or controversy. Fed. R. Civ. P. 12(h)(3).

MINUTE ORDER
C23-1902-JCC
PAGE - 1

1    According to Rule 8,[1] a complaint must include the following: (1) a short plain statement

2  of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the

3  plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P.

4  8. Here, the Court finds Plaintiff's complaint fails to establish this Court's subject matter

5  jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

6    Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is

7  more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C.

8  § 1332. Whereas federal question jurisdiction exists when a plaintiff's claim arises "under the

9  Constitution, law, or treaties of the United States." *See id.* § 1331. This complaint establishes

10  neither. It alleges that Plaintiff and Defendants are Washington citizens. (*See* Dkt. No. 6 at 1–2.)

11  As such, it fails to plead diversity jurisdiction. And the conduct it alleges does not arise under

12  federal law.[2] (*See id.* at 10–15.) Rather, it implicates Washington law. (*Id.*)

13    To be clear, lack of subject matter jurisdiction is a foundational issue, providing a basis

14  for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

15  2004). However, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs

16  leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be

17  cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is

18  perhaps conceivable that Plaintiff could adequately plead violations of federal law, based on the

19  events described. For this reason, the Court finds that leave to amend is warranted.

20

21    [1] While the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally
construes a *pro se* complaint in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551

22  U.S. 89, 94 (2007), they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d
52, 54 (9th Cir. 1995).

23    [2] The complaint refers to the "Equality Act of 2021." (Dkt. No. 6 at 15.) The Court

24  assumes this to be in reference to the *Khalid Jabara and Heather Heyer National Opposition to
Hate, Assault, and Threats to Equality Act of 2021*. *See* Pub. L. 117-13 § 5, 135 Stat. 265, 266–

25  72 (codified at 34 U.S.C. § 30507). If so, this is an amendment to the Shepard-Byrd Act. It was
enacted in May 2021 and provides additional federal resources for the local investigation and

26  reporting of hate crimes. It does not provide a federal cause of action in a civil suit.

MINUTE ORDER
C23-1902-JCC
PAGE - 2

1   Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint and

2   GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies

3   within 30 days after the date this order is signed.[3] If no amended complaint is filed within this

4   time period or if Plaintiff files an amended complaint that fails to correct the deficiencies

5   identified above, the Court may dismiss Plaintiff's claims pursuant to Federal Rule of Civil

6   Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B).

7

8   DATED this 19th day of December 2023.

9   Ravi Subramanian
    Clerk of Court

10

    s/Kathleen Albert
11  Deputy Clerk

12

13

14

15

16

17

18

19

20

21

22

23

24

    _____

25  [3] Plaintiff is advised that an amended complaint operates as a complete substitute for an
    original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any

26  amended complaint must clearly identify the defendant(s), the legally cognizable claims asserted,
    the specific facts which Plaintiff believes support each claim, and the specific relief requested.

MINUTE ORDER
C23-1902-JCC
PAGE - 3