THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IDRIS TURNER ALI-EL,<br><br>        Plaintiff,<br><br>    v.<br><br>CT CORPORATION SYSTEM, *et al.*,<br><br>        Defendants. | CASE NO. C23-1902-JCC<br><br>ORDER |

        This matter comes before the Court *sua sponte*. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court reviewed Plaintiff's original complaint to determine whether to order service and summons. (Dkt. No. 7.) And it concluded the complaint failed to establish this Court's subject matter jurisdiction. (*See id.* at 1–2.) But rather than dismiss it without prejudice, the Court provided Plaintiff leave to file an amended complaint within 30 days to correct the deficiencies identified. (*See id.* at 3.) Plaintiff then filed an amended complaint (Dkt. No. 8). But as described below, it fails to cure the previously identified deficiency. Therefore, the Court now DISMISSES it without prejudice.

        As a threshold matter, the complaint must establish this Court's subject matter jurisdiction. Federal question jurisdiction exists where a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. Diversity of citizenship jurisdiction exists where the amount at issue in the lawsuit is more than $75,000 and no plaintiffs

or defendants are citizens of the same state. *See id.* § 1332. The amended complaint establishes neither.

The complaint does not state, for example, whether Plaintiff's claims arise under the Constitution, laws, or a treaty of the United States.[1] Nor does it allege facts demonstrating that Plaintiff and Defendants are citizens of different states. Instead, it asserts that Plaintiff is "not a citizen of the United States," but is, among other things a "Moorish-American National" and a "Citizen of America/Morocco." (Dkt. No. 8 at 2) (emphasis omitted). This does not establish this Court's subject matter jurisdiction, nor do the remaining allegations suggest a diversity of citizenship. In fact, Plaintiff has provided the Court with a Washington address, (*see id.* at 1), alleges to be domiciled in Washington, and is a self-employed owner and member of a Washington LLC, (*see id.* at 8). Moreover, some of the Defendants are also allegedly Washington citizens or, at a minimum, not affirmatively citizens of other states. (*See generally id.* at 1–2.)

For these reasons, and pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's amended complaint (Dkt. No. 8) is DISMISSED without prejudice.

DATED this 23rd day of January 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The amended complaint does ask the Court to consider sections of the United States Constitution and the Treaty of Peace and Friendship of 1836, among other documents. But it does not, and could not, raise a claim under the sections the Court is asked to consider.